# Swanson *v.* The State.

*Indictment for Unlawfully Killing a Horse.*

1. *Indictment for unlawfully and wantonly injuring domestic animals; joinder of offenses.*—The rule against the joinder of offenses in different counts in the same indictment, when the punishment is not of the same nature, does not apply to misdemeanors; and, therefore, an indictment which charges, in separate counts, cruelty to animals, (Cr. Code of 1896, § 5093), and the unlawful and wanton killing of domestic animals, (Cr. Code of 1896, § 5091), is not subject to demurrer for misjoinder of offenses;

[Swanson v. The State.]

each of the offenses charged in the separate counts of the indictment being of the same character and embraced in the same chapter of the Code.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The appellant was tried and convicted under the following indictment: "The grand jury charge that before the finding of this indictment Ed Swansan *alias* Ed Swanson did unlawfully overdrive or cruelly kill a certain domestic animal, to-wit, one horse, the personal property of John W. Powell.

"The grand jury of said county further charge that before the finding of this indictment Ed Swansan *alias* Ed Swanson, unlawfully or wantonly killed a certain domestic animal, to-wit, one horse, the personal property of John W. Powell.

"The grand jury of said county further charge that before the finding of this indictment Ed Swansan *alias* Ed Swanson, unlawfully or wantonly killed a gelding, the personal property of John W. Powell, of the value of one hundred and twenty-five dollars, against the peace and dignity of the State of Alabama."

To this indictment the defendant demurred upon the following grounds : 1. The indictment contains a misjoinder of counts, in that, in one count it charges defendant with unlawfully or wantonly killing a horse, and in another count it charges him with cruelty to animals. 2. Because said indictment charges two separate and distinct offenses. This demurrer was overruled, and to this ruling the defendant duly excepted. The ruling on the demurrer is the only question presented for review on the present appeal.

No counsel marked as appearing for appellant.

CHARLES G. BROWN, Attorney-General, for the State, cited Cr. Code of 1896, § 4113 ; *Howard v. State*, 108 Ala. 571.

SHARPE, J.—The first count in the indictment charges an offense under section 5093 of the Code, the punishment for which is by fine. The second and third

each charge an offense under section 5091 of the Code, which is punishable by fine and may also be punished by imprisonment in the county jail or hard labor for the county. The offenses each belong to the same family of crimes embraced in chapter 172 of the Code entitled "Malicious Mischief : Injury and Cruelty to Animals," and each is a misdemeanor. The rule against the join-der of offenses in different counts in the same indict-ment when the punishment is not of the same nature does not apply to misdemeanors.—*Wooster v. State*, 55 Ala. 217. The demurrer to the indictment was, there-fore, properly overruled.

No question was reserved on the trial by bill of excep-tions. Finding no error in the record, the judgment of the city court is affirmed.