# Dillard *v.* The State.

*Prosecution for using Obscene or Insulting Language in the Presence of a Female.*

1. *Prosecution commenced by affidavit; after plea of misnomer sustained another affidavit can be made.*—Where a prosecution is commenced by affidavit and warrant issued thereon, and the defendant interposes a plea of misnomer, which, upon the hearing of all the evidence thereon is sustained by the court, it is permissible to file another affidavit before the clerk of the

[Dillard v. The State.]

court, having authority to take the affidavit and issue a warrant of arrest, charging the defendant by his correct name with the same offense.

2. *Using obscene or insulting language in the presence of females; sufficiency of affidavit.*—An affidavit which charges that the affiant "has probable cause for believing and does believe that the offense of Jim Dillard did go sufficiently near to the dwelling house of J. T. Williams, and in the presence or within the hearing of the family of the occupants thereof, made use of abusive or insulting or obscene language, has been committed by Jim Dillard against the peace and dignity of the State of Alabama," though confusing and informal, charges every essential element of the offense of using obscene or insulting language in the presence or hearing of the family of another as prohibited by statute, (Code, § 4306).

APPEAL from the County Court of Coffee.

Tried before the Hon. JOHN M. LOFLIN.

The appellant in this case was prosecuted and convicted of the offense of using obscene or insulting language in the presence of females. The prosecution was commenced by a complaint and a warrant issued thereon.

In the complaint or affidavit, the defendant was designated as "J. M. Dillard." The defendant filed a plea of misnomer, in which he set up that he was "known in his community as Jim Dillard and not as J. M. Dillard." Upon the hearing of the evidence of this plea, the plea was sustained, and thereupon the prosecutor made before the clerk of the county court who was *ex officio* clerk of the county court, another affidavit which was in words and figures as follows: "Before me, R. A. King, clerk of the circuit court of Coffee county, in and for said State and county, personally appeared J. T. Williams, who being duly sworn deposes and says on oath that he has probable cause for believing and does believe that the offense of Jim Dillard did go sufficiently near to the dwelling house of J. T. Williams and in the presence or within the hearing of the family of the occupants thereof made use of abusive, insulting, or obscene language, has been committed by Jim Dillard, against the peace and dignity of the State of Alabama." The other facts of the case necessary to an understand-

[Dillard v. The State.]

ing of the decision on the present appeal are sufficiently stated in the opinion.

J. F. SANDERS, for appellant.—The amended affidavit was fatally defective, and will not support a judgment of conviction.—*Williams v. State,* 88 Ala. 80; *McGhee v. State,* 115 Ala. 135; *Miles v. State,* 94 Ala. 106; 1 Mayfield's Digest, 28.

MASSEY WILSON, Attorney-General, for the State.

TYSON, J.—It appears by the record that the defendant was proceeded against upon an affidavit made before one Jernigan, a justice of the peace, charging him with the offense of using obscene or insulting language in the presence of females (§ 4306 of Code), upon which a warrant was issued returnable to the county court. In answer to this prosecution he appeared and interposed a plea of misnomer which, upon a hearing of the evidence, was sustained by the court. Thereupon another affidavit was made before the clerk of the circuit court charging him, by his correct name, with the same offense, to which he interposed his plea of not guilty. This affidavit is designated by the judgment entry as an amendment of the first to which an objection was made. Defendant also made a motion to strike it because it was an amendment of the first. Whether it was an amendment of the first or the institution of a new prosecution is unnecessary to decide, since in either aspect, no error was committed of which the defendant can complain. The prosecution undoubtedly had the right to amend the first by a re-verification to meet the plea in abatement interposed by defendant. In other words, to amend the affidavit upon a re-verification so as to charge the defendant by his correct name, with the offense.—1 Bish. New Crim. Proc., §§ 714, 715. But if it be said that the amendment should have been made before a determination of the plea of misnomer on its merits and that a decision on its merits in defendant's favor operated as a termination of the prosecution, the answer

is that it was entirely competent to institute another prosecution upon the making of the affidavit upon which the trial was had. The clerk of the circuit court before whom it was made, is, by the terms of the act creating the court that tried the case, *ex officio* clerk of that court and express authority is conferred upon him to take the affidavit and to issue a warrant of arrest upon it returnable to that court.—Acts, 1900-1901, p. 864. It is true the record contains no warrant issued by the clerk, if one was issued, but we apprehend that this is of no consequence since the defendant appeared and pleaded to the affidavit. While the language employed in the affidavit is somewhat confusing and informal, it charges every essential element of the offense and is not fatally defective.

The judgment of conviction must be affirmed.