# Moore *v.* The State.

### Violating Prohibition Law.

Decided Jan. 12, 1910.—51 South. 357.)

1. *Affidavit; Criminal Procedure; Amendment; Consent of Defendant.*—In a criminal proceeding it is not competent for the state, without the consent of the defendant to put into an affidavit made by one person an amendment material to its validity made by another person.

2 *Criminal Law; Trial; Preliminary Matter.*— There are but two ways of bringing a defendant to trial in a criminal case, the one by indictment properly preferred, and the other by affidavit made by some person before a proper officer with the warrant of arrest issued thereon.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

W. H. Moore was convicted of violating the prohibition law and he appeals. Reversed and rendered.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General, for the State.

EVANS, J.—The defendant was tried upon an affidavit and warrant of arrest issued by H. B. Abernathy, judge of the inferior court of Birmingham, Ala., which was made returnable to the criminal court of Jefferson county. On the trial in said criminal court the defendant demurred to the affidavit, and upon consideration the court sustained the demurrer. The solicitor then, on motion allowed by the court, amended said affidavit without the consent of defendant.

In the case of *Miles v. State,* 94 Ala. 108, 11 South. 403, the court say (Justice Coleman writing the opinion) : "We are clearly of opinion that the court properly sustained the demurrer to the affidavit. The judgment of the court judicially ascertained and adjudged that there was no sufficient complaint, or affidavit, which authorized the issue of the warrant and the arrest of the defendant, and both should have been quashed. We find no warrant in the law of the state for putting a party upon trial upon the mere statement of the solicitor, unsupported by a sufficient complaint under oath and warrant of arrest. The judgment of the court, sustaining the demurrer to the affidavit, judicially determined that it charged no offense. With this judgment in force, declaring that the affidavit charged no offense, the defendant was entitled to be discharged."

We think it is not permissible for a solicitor to put into an affidavit made by another person, by way of amendment, without consent of defendant, any matter that is material to its validity. There are but two ways of bringing a defendant before the court for trial. One it by the indictment of a grand jury upon the sworn evidence of witnesses before it, and the other is upon an affidavit by some person before a proper officer and a warrant of arrest issued thereon. We think it contrary to law to inject material matter not

[Sadler v.- The State.]

sworn to into an affidavit, without the consent of defendant, for the reason that he will then be put on trial, upon a charge that has not been sworn to by any one. We are of opinion that the court erred in allowing the affidavit to be amended without the consent of the defendant.

The statute of limitations having perfected a bar, the defendant is discharged.

Reversed and rendered.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.