(75 South. 814)
### ECHOLS v. STATE.   (7 Div. 437.)

(Court of Appeals of Alabama.   May 15, 1917. Rehearing Denied June 5, 1917.)

1. INDICTMENT AND INFORMATION ☞162— AMENDED COMPLAINT—VIOLATION OF LIQUOR LAWS.

Where defendant, after conviction in the county court on a charge that he sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors contrary to law, appealed to the circuit court and was there tried on a complaint filed under Code 1907, § 6730, charging him not only as charged in the original affidavit, but also with having in his possession spirituous liquor contrary to law, the added charge set forth a distinct offense from that contained in the original affidavit, and should have been stricken on defendant's motion.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 524.]

2. INDICTMENT AND INFORMATION ☞162— AMENDED COMPLAINT—VIOLATION OF LIQUOR LAWS.

Under the express provisions of Acts 1915, p. 30, such additional charge in a complaint was unauthorized, where it was a mere statement of the solicitor, unsupported by any affidavit charging the offense.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 524.]

3. INDICTMENT AND INFORMATION ☞162— AMENDMENT OF AFFIDAVIT—VIOLATION OF LIQUOR LAWS.

Acts 1915, p. 32, providing that the affidavit or complaint in prosecutions for violating laws to suppress intemperance may be amended to meet the ends of justice for any informality, irregularity, or technicality, does not authorize the amendment of an affidavit charging a complete offense and giving defendant notice of the accusation as required by Const. 1901, § 6, so as to charge an additional and distinct offense.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 524.]

**4. INTOXICATING LIQUORS  223(1)—PROSECUTION—AFFIDAVIT.**

Under an affidavit charging in the alternative in the form prescribed by Acts 1915, p. 30, that defendant sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors contrary to law, any act of selling, offering for sale, or keeping for sale could be shown, but a violation of the Bonner Anti-Shipping Law, making it unlawful to have in one's possession at any one time a larger quantity of prohibited liquor than allowed by law, could not be shown.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 263–267.]

Appeal from Circuit Court, Etowah County; J. E. Blackwood, Judge.

Charles Echols was convicted of violating the prohibition law, and appeals. Reversed and remanded.

Roper & Stephens, of Gadsden, for appellant. W. L. Martin, Atty. Gen., Harwell G. Davis, Asst. Atty. Gen., and M. C. Sivley, of Gadsden, for the State.

BRICKEN, J. The defendant was convicted of violating the prohibition law and appeals. The prosecution originated in the county court of Etowah county upon a complaint which contained two counts only, the first count charging that the defendant sold, offered for sale, kept for sale, or otherwise disposed of, spirituous, vinous, or malt liquors contrary to law. The second count was identical, simply substituting prohibited liquors and beverages. From the judgment of conviction in the county court, the defendant appealed to the circuit court, and was there tried upon a complaint or statement filed by the solicitor under section 6730 of the Code of 1907. The complaint filed by the solicitor as aforesaid contained not only the two counts of the original affidavit, but added two additional counts, the third count charging that the defendant had in his possession more than one-half gallon of spirituous liquor at any one time contrary to law. The fourth count charged that he had in his possession more than two gallons of vinous liquors at any one time, contrary to law.

Before entering upon the trial in the circuit court, the defendant made a motion to strike all the counts from the complaint except those on which he was tried in the county court, on the ground that said counts charged a new and different offense than the one for which he was tried in the county court, and from which judgment of conviction he appealed. The defendant duly excepted to the overruling of said motion, and it is insisted here that the court erred in its ruling on this question. The question is therefore whether counts 3 and 4 of the complaint filed by the solicitor worked a departure from the case made out under the pleading in the county court trial. A departure has been defined to be:

"A statement of matter in a replication, rejoinder, or subsequent pleading, as a cause of action, or defense, which is not pursuant to the previous pleading of the same party, and which does not support and fortify it."

In McAden v. Gibson, 5 Ala. 344, it was held:

"A departure in pleading is said to be, when a party quits or departs from the case or defense which he has first made, and has recourse to another."

[1] We are of the opinion that the counts 3 and 4 of the complaint created a new and separate offense not included or incorporated in the original affidavit upon which the defendant was tried and convicted in the county court, and from which judgment of conviction he appealed to the circuit court, and that the adding of said counts charging a separate and distinct offense from the offenses contained in the original affidavit created the departure complained of, and therefore the court erred in overruling the motion of the defendant to strike said counts from the complaint.

[2] Furthermore, the added counts were unauthorized, as they were the mere statement of the solicitor, unsupported by an affidavit which charged the offense, and therefore not a compliance with the law. Acts 1915, p. 30; Miles v. State, 94 Ala. 106, 11 South. 403.

[3] It is insisted by the state that under section 32 of an act approved January 23, 1915 (Acts 1915, p. 32, § 32), it is provided that prosecutions for the violation of any law enacted for the suppression of evils of intemperance or to promote temperance may be begun by affidavit, and, when so begun, the prosecution continues upon the affidavit upon which it was originally begun, regardless of the court or the judge to which the trial shall be carried, and that it is further provided that said affidavit or complaint that is filed in such prosecution "may be amended to meet the ends of justice," and that by virtue of this provision, the solicitor is given the right, and it is made his duty, to amend the affidavit or complaint so as to meet the ends of justice. In other words, it is insisted that the solicitor is permitted to amend the affidavit so as to cover the facts for which the defendant was arrested. We cannot accord with this view, for while the act referred to does provide that the affidavit or complaint that may be filed in such prosecutions may be amended to meet the ends of justice, it goes further, and says that said amendment is permissible in order to prevent a dismissal of the case upon any informality, irregularity, or technicality, etc. In the instant case, it cannot be contended that such was the purpose of the amendment, and

it cannot be claimed that the affidavit and warrant was defective and required amendment, for it sets out the offense in the language of the statute with definiteness and accuracy, and gave to the defendant notice of the nature and cause of the accusation against him, which, under the Constitution, he had a right to demand. Section 6, Bill of Rights, Const. 1901; Miles v. State, 94 Ala. 106, 11 South. 403.

[4] The original affidavit on which the prosecution was commenced was in the form prescribed by the statute (Gen. Acts 1915, p. 30, § 29½), charging in the alternative that the defendant sold, offered for sale, kept for sale, or otherwise disposed of, spirituous, vinous, or malt liquors contrary to law, etc. Under this complaint any act of selling, offering for sale, keeping for sale, can, of course, be shown, and under the averment, or "otherwise disposed of," when used in the connection set forth in the affidavit, the act provides "shall include and be deemed to include barter, exchange, giving away, furnishing, or any manner of disposition by which said liquors and beverages may pass unlawfully from one person to another." Acts 1915, p. 30; Bush v. State, 12 Ala. App. 260, 67 South. 847; Arrington v. State, 13 Ala. App. 359, 69 South. 385. The added counts by the solicitor charged separate and distinct offenses, and were framed under what is known as the Bonner Anti-Shipping Law, which makes it unlawful to have in one's possession at any one time a larger quantity of prohibited liquors than allowed by law. This latter charge is not comprehended in and included in the former charge, but is a separate and distinct offense therefrom; and hence it follows that the defendant's motion to strike the counts added by the solicitor, which charged separate and distinct offenses from the charges contained in the original affidavit, should have been granted, and the court erred in overruling said motion, for which error the judgment of conviction in the lower court will be reversed, and the cause remanded.

Reversed and remanded.