(79 South. 269)

MAXWELL v. STATE. (7 Div. 522.)

(Court of Appeals of Alabama. May 7, 1918. On Rehearing, June 11, 1918.)

On Rehearing.

CRIMINAL LAW ☞1088(18)—APPEAL—RECORD—BILL OF EXCEPTIONS.
Where ruling on motion to strike complaint filed against defendant by county solicitor appears in Court of Appeals only in bill of exceptions, and not in record proper, propriety of ruling is not properly presented for review.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

John Maxwell was convicted of violating the liquor laws, and he appeals. Affirmed.

T. C. Sensabaugh, of Anniston, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BRICKEN, J. This prosecution originated in the county court. The affidavit upon which the defendant was tried in the county court was sworn out on January 7, 1916, and charged that he "sold, kept for sale, had in his possession for sale or other unlawful disposition spirituous, vinous or malt liquors and contrary to law."

The complaint filed by the solicitor in the circuit court on September 18, 1917, contained three counts, viz.:

"(1) Said John Maxwell manufactured, sold, offered for sale or otherwise disposed of spirituous, vinous or malt liquors, contrary to law.

"(2) Said John Maxwell received, accepted delivery of, possessed or had in possession at one time, or within the period of fifteen consecutive days, and within the period of twelve months before the beginning of this prosecution, and since September 25, 1915, more than two quarts of spirituous liquors, contrary to law.

"(3) Said John Maxwell sold, offered for sale, kept for sale, gave away or otherwise disposed of spirituous, vinous or malt liquors contrary to law."

The original affidavit charged the defendant with two different offenses in the alternative: (1) With having sold spirituous, vinous, or malt liquors; and (2) with having kept said liquors for sale or other unlawful disposition.

The complaint filed by the solicitor charges the violation of the prohibition law in nearly all of its phases, and is a clear and decided departure from the original affidavit upon which this defendant was tried, and from which judgment of conviction he appealed to the circuit court. The motion to strike the complaint filed by the solicitor should have been granted. This case is not unlike the case of Echols v. State, 75 South. 814,[1] and under the authority of that case the judgment of conviction is reversed and the cause remanded.

Reversed and remanded.

### On Rehearing.

Upon further consideration, it appears that the ruling of the court on motion to strike appears here only in bill of exceptions, and not in the record proper, and on the authority of the following cases we hold that the question is not properly presented for review: Simpson v. State, 111 Ala. 10, 20 South. 572; Wright v. State, 136 Ala. 139, 34 South. 233; Wiley v. State, 10 Ala. App. 251, 65 South. 204.

Rulings of the court upon the evidence appear to be free from error.

Application granted, judgment of reversal set aside, and the judgment of the lower court is affirmed.

Affirmed.