(86 South. 164)

BROGLAN v. STATE. (8 Div. 683.)

(Court of Appeals of Alabama. April 6, 1920.)

INDICTMENT AND INFORMATION ⬤⟶162— AMENDMENT OF COMPLAINT HELD A DEPARTURE FROM ORIGINAL AFFIDAVIT.

Where original affidavit in county court charged that affiant "had probable cause for believing and did believe that before the finding of this complaint W. had in his possession or stored or kept for sale spirituous, vinous, or malt liquors contrary to law," court erred in permitting solicitor to amend his complaint, by striking the word "finding" and interlining the word "making," and by striking the words "or stored or kept for sale" and adding the words, after the name of the defendant, "after January 25, 1919," since such amendment was a departure from the original affidavit, which was framed under Acts 1915, p. 2, § 3; the amendment being framed under the bone dry law, which became operative January 25, 1919.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Will Broglan was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

The original affidavit was verified by J. D. Lowe, and the third count charged:

"That he had probable cause for believing and did believe that before the finding of this complaint Will Broglan had in his possession or stored or kept for sale spirituous, vinous, or malt liquors contrary to law."

When the case was called for trial, the court permitted the solicitor to amend his complaint by striking the word "finding" and interlining the word "making," and by striking the words "or stored or kept for sale" and adding the words, just after the name of defendant, "after January 25, 1919."

R. E. Smith and Douglass Taylor, both of Huntsville, for appellant.

The court erred in permitting the amendment to the affidavit, without the consent of the defendant. 165 Ala. 107, 176 South. 948, L. R. A. 1917B, 1132; 16 Ala. App. 138, 75 South. 814; 94 Ala. 106. Counsel discuss other assignments of error, with citation of authority, but in view of the opinion it is not thought necessary to set them out.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel confess error, on the authority of Echols v. State, 16 Ala. App. 138, 75 South. 814.

BRICKEN, P. J. The amendment by the solicitor of the third count of the complaint, upon which the defendant was tried, was

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

unauthorized, and the court erred in allowing the amendment over the objection and exception of defendant. William A. Denham v. State, 86 South. 163;[1] Moore v. State, 165 Ala. 107, 51 South. 357; Echols v. State, 16 Ala. App. 138, 75 South. 814; Ex parte State, 200 Ala. 700, 76 South. 998; Maxwell v. State, 16 Ala. App. 508, 79 South. 269. The third count of the original affidavit was framed under Acts 1915, p. 2, § 3, which statute made it unlawful to have prohibited liquors in one's possession for sale, etc. At that time it was lawful to have in one's possession as much as 2 quarts of spirituous liquors, or as much as 2 gallons of vinous liquors, or 5 gallons or 40 pints of malted liquors, and if possession of either of above specified liquors was confined to any one time within a period of 15 days, there would follow no unfavorable presumption in connection with such possession. But not so with the law under which the amended complaint was framed by the solicitor, which law was approved and became operative on January 25, 1919. This particular law, appropriately named the "bone dry law," makes it unlawful to have in one's possession the liquors above enumerated, or any other intoxicating liquors, bitters, or beverages, or any liquors, liquids, drinks, or beverages made in imitation of, or intended as a substitute for, beer, ale, rum, gin, whisky, or for any other alcoholic, spirituous, vinous, or malt liquors. It thus appears that the offense charged under the amendment allowed by the court, over objection and exception of the defendant, was a clear departure from the offense charged in the original affidavit, and under the cases cited, supra, must necessarily work a reversal of this case.

The Attorney General, representing the state on this appeal, concedes error in this ruling of the court, and in this connection has aptly said in his brief:

"The original complaint appears to have been framed under Acts 1915, p. 2, § 3, though the language in the complaint is not exactly identical with the language of the statute. In other words, the original charge was framed under acts which existed prior to January 25, 1919, while the amended complaint was framed under the act of January 25, 1919. As we understand the case, defendant was first charged with having or keeping liquors for sale and was later charged with simply having such liquors in possession. Defendant raised the point of departure in several ways, and it seems to us that the point was well taken under the rule laid down in Echols v. State, 16 Ala. App. 138, 75 South. 814. As we view the matter, the lower court committed error in overruling the contentions made by defendant. The evidence offered by the state tends to indicate that defendant was guilty of the charge as amended,

though there was considerable evidence to the contrary. The state had only one witness who testified that defendant offered him a drink. This was denied by defendant, and other witnesses corroborated defendant's testimony. But, the evidence does not tend to indicate that defendant had such liquors for the purpose of sale. Defendant was prepared to meet the charge as first made against him, but he, of course, had no reason to anticipate that another and different charge of merely having such liquor after January 25, 1919, which charge was drafted under a different law, would be made against him at the trial, and such charge as amended was not verified by affidavit. See, also, Moore v. State, 165 Ala. 107, 51 South. 357, and Miles v. State, 94 Ala. 106, 11 South. 403.

The judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.