(86 South. 163)

DENHAM v. STATE.   (8 Div. 734.)

(Court of Appeals of Alabama.   April 6, 1920.)

1. CRIMINAL LAW ☞260(13) — COMPLAINT FILED BY SOLICITOR IN CIRCUIT COURT MUST BE SUPPORTED BY THE AFFIDAVIT IN COUNTY COURT.

Where original affidavit on which case was ·tried in county court contained the sole charge that defendant "sold" whisky, the court erred in declining to strike every charge from the ·complaint, except the charge of selling, filed in .circuit court by the solicitor under Code 1907, § 6730, which, while containing·only one count, .charged the defendant with violation of the prohibition law in practically all of its phases, in view of Acts 1915, p. 30.

2. CRIMINAL LAW ☞510—RULE AS TO CORROBORATION OF ACCOMPLICE TESTIMONY NOT APPLICABLE TO MISDEMEANORS.·

The rule of evidence providing ·that a conviction cannot be had on the testimony of an .accomplice, unless corroborated by other evidence, applies in cases of felony only, and is not .applicable to cases of misdemeanor, under Code 1907, § 7897, as in such cases conviction may be had upon the evidence of an accomplice alone.

.3. CRIMINAL LAW ☞776(2) — INSTRUCTION NOT TO CONVICT BECAUSE OF WHAT JURY HAD HEARD OF DEFENDANT'S CHARACTER HELD ABSTRACT AND INVOLVED.

In a criminal prosecution, court properly refused to charge, on request of defendant: "You should not convict the defendant because ·of anything you may have heard about his character. You should eliminate from your minds anything regarding the defendant not appearing in the evidence in this case. On that alone

you should make your verdict under the law as charged"—being abstract and involved.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

William A. Denham was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

The following charges were refused to the defendant:

(1) The.court charges the jury that, Bryant being an accomplice in the offense charged, the defendant cannot be convicted on the evidence in this case.

(2) The court charges the jury that under the evidence they cannot convict the defendant of selling prohibited liquors or beverages.

(3) The court charges the jury that, if you have a reasonable doubt as to the place where or the person from whom Bryant got the liquor he had in his possession when arrested by Amos, then your verdict should be one of acquittal of the defendant.

(4) You should not convict the defendant because of anything you may have heard about his character. You should eliminate from your minds anything regarding the defendant not appearing in the evidence in this case. On that alone you should' make your verdict under the law as charged.

Street & Bradford, of Guntersville, for appellant.

The court erred in not striking from the complaint each offense not embraced in the original affidavit. 66 Ala. 465; 78 Ala. 22; 81 Ala. 68, 1 South. 35; 94 Ala. 106, 11 South. 403; 4 Ala. App. 293, 59 South. 226; 66 South. 852; Acts 1915, p. 1; sections 6702 and 7350, Code 1907; 165 Ala. 73, 51 South. 415.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel admit error in refusing to strike the complaint, under the doctrine laid down in Echols v. State, '16 Ala. App. 138, 75 South. 814.

BRICKEN, P. J. This prosecution originated in the county court; the defendant in that court being charged with the offense of selling one quart of whisky to one John J. Bryant, who made the affidavit upon which the prosecution was based.

[1] From a judgment of conviction in the county court the defendant appealed to the circuit court, and was there tried by a jury on a complaint filed by' the solicitor, as provided by Code 1907, § 6730. This complaint, however, in no 'sense confined the charge against the defendant to that originally made in the county court. To the contrary, the complaint filed by the solicitor, while containing only one count, charged the defendant with a violation of the prohibition law in

practically all of its phases; and, as the original affidavit in the county court contained the sole charge that he *sold* whisky, each of the other allegations made by the solicitor was unauthorized and were mere statements of the solicitor, unsupported by an affidavit as to any of the several offenses charged except that of selling whisky, and said complaint was therefore not a compliance with the law. Acts 1915, p. 30. The court erred in declining to strike every charge from the complaint, except the charge of selling, as there was no affidavit or other proper procedure upon which to base the complaint. The case of Echols v. State, 16 Ala. App. 138, 75 South. 814, is clearly in point here, and upon authority of that case, and cases therein cited, the judgment of the lower court must be reversed. See, also, Ex parte State, 200 Ala. 700, 76 South. 998; Maxwell v. State, 16 Ala. App. 508, 79 South. 269; Moore v. State, 165 Ala. 107, 51 South. 357. In view of the cases cited supra, the Attorney General, representing the state upon this appeal, concedes that, for the error in overruling defendant's motion to strike the new or added offenses from the complaint filed by the solicitor, a reversal of the judgment of conviction in the circuit court is necessitated.

[2] Charge 1 was properly refused. In the first place, this charge assumes that witness Bryant, as a matter of fact, got the whisky in question from the defendant, which fact was in dispute; the defendant having testified that he did not sell him any whisky, or let him have any whisky. This was a question for the jury. Moreover, the charge does not assert a correct statement of the law as applied to this case, as the rule of evidence providing that a conviction cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense, applies in cases of felony only, and is not applicable in cases of misdemeanors. Code 1907, § 7897. The rule is that in misdemeanor cases a conviction may be had on the evidence of an accomplice, without corroboration, provided, of course, the jury credit him. "In misdemeanors his complicity goes only to his credibility, and of that the jury must judge, as they judge of the credibility of other witnesses."

[3] Charges 2 and 3 were properly refused, as was also charge 4; the latter being abstract and involved.

Other questions presented on this appeal need not be discussed, for upon another trial of this case the issue must be necessarily confined to the one question of fact as to whether or not the defendant sold a quart of whisky to the party named in the original affidavit, and whether said sale occurred in Marshall county, Ala., and within 12 months before the making of the affidavit.

Reversed and remanded.