(92 South. 508)

### WILSON v. STATE. (4 Div. 738.)

(Court of Appeals of Alabama. Jan. 31, 1922.)

1. **Criminal law ⏧218(5), 252(3)—Technical accuracy in describing offense not required in warrant and complaint before justice of the peace.**

In a criminal prosecution before a justice of the peace, technical accuracy in description of the offense, either in the complaint or warrant, is not required.

2. **Criminal law ⏧260(13) — Offense over which justice has only preliminary jurisdiction may not be joined on appeal from conviction of offense over which his jurisdiction is final.**

Where accused had been tried and convicted in justice court for cruelty to animals, under Code 1907, § 6232, an offense over which a justice has final jurisdiction, and on appeal to the circuit court the complaint filed under section 6730 included a count charging malicious injury to an animal, under section 6230, an offense over which a justice has only preliminary jurisdiction, the complaint was demurrable, although the offenses charged are such as are embraced in chapter 161, entitled "Malicious Injury and Cruelty to Animals," and may be joined.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Grover C. Wilson was convicted of cruelty to animals, and he appeals. Reversed and remanded.

The affidavit in the justice court charges that the defendant did unlawfully, wantonly, or cruelly kill a hog, the property of Leon Caldwell. The first count of the complaint charged that the defendant unlawfully, wantonly, or maliciously killed, disabled, disfigured, or injured a hog, the property of Leon Caldwell. The second count charged that he did cruelly beat, mutilate, or kill a hog, or cause or procure the same to be so cruelly beaten, mutilated, or killed.

C. W. Simmons, of Enterprise, and J. A. Carnley, of Elba, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. Prosecution in this case was commenced in the justice court by affidavit, which charged that the defendant did unlawfully, wantonly, or cruelly kill a hog the property of Leon Caldwell. Upon conviction the defendant appealed to the circuit court, and was there tried upon a complaint or statement filed by the solicitor as provided for by section 6730 of the Code of 1907. The complaint filed by the solicitor contained two counts. The first charges wanton or malicious injury to an animal, and was drawn under section 6230 of the Code, while the second count charges cruelty to animals and was drawn under section 6232 of the Code. In the circuit court the defendant was convicted by a jury under the first count of the complaint. The defendant demurred to the complaint filed by the solicitor in the circuit court, among other grounds of demurrer, it being claimed that the complaint was a departure from the original complaint filed in the justice court. The demurrers were overruled.

[1] Applying the rules of construction laid down by the Supreme Court as to pleading before justice of the peace, that in a criminal prosecution technical accuracy in the description of the offense, either in the complaint or warrant, is not required, and considering the complaint, judgment, and all the proceedings before the justice in this case, we conclude that the defendant was tried and convicted by the justice for a violation of section 6232 of the Code, or cruelty to animals.

[2] We further conclude that the demurrers to the statement or complaint, filed by the solicitor in the circuit court should have been sustained. The complaint in the circuit court as regards count 1, the count under which the defendant was convicted, was, as stated, framed under section 6230, or malicious injury to animals, and was a departure from the complaint filed in the justice of the peace court. Echols v. State, 16 Ala. App. 138, 75 South. 814; Broglan v. State, 17 Ala. App. 403, 86 South. 164; Moore v. State, 165 Ala. 107, 51 South. 357; Maxwell v. State, 16 Ala. App. 508, 79 South. 269. It is true that the offenses embraced under sections 6230 and 6232 of the Code each belong to the same family of crimes embraced in chapter 161 of the Code, entitled "Malicious Injury and Cruelty to Animals," and that they could be joined in different counts in the same indictment (Swanson v. State, 120 Ala. 376, 25 South. 213); yet we know of no rule of law whereby a prosecution can be commenced in the justice court for cruelty to animals, an offense of which the justice has final jurisdiction, and on appeal another charge be incorporated with this, that of malicious injury to animals, of which the justice only had preliminary jurisdiction. The facts in this case support the justice and correctness of this holding, in that the defendant was convicted of one offense in the justice court and of another in the circuit

---

court. There was error in overruling the defendant's demurrers, and for this the judgment of the circuit court must be reversed, and the cause remanded.

Reversed and remanded.