### CLONTS v. STATE. (7 Div. 900.)

(Court of Appeals of Alabama. Feb. 6, 1923. Rehearing Denied March 6, 1923.)

**1. Indictment and information ⚖=122(2)—Information held not demurrable on ground of departure from affidavit and warrant.**

An affidavit and warrant charged accused with unlawfully possessing whisky, while an information charged accused did receive, accept delivery of, possess prohibited liquors, etc. *Held* that information not demurrable ground of departure, in that the affidavit had only charged possession, while information charged other offenses, as each alternate averment embraces possession.

**2. Pleading ⚖=180(1)—"Departure" arises where new ground is pleaded.**

A departure in pleading arises where a previous ground and the pleading is abandoned and a new ground assumed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Departure.]

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

John Clonts was convicted of possessing whisky, and he appeals. Affirmed.

Merrill & Allen, of Anniston, for appellant.

The complaint as filed by the solicitor set up new and separate offenses, not included in the original affidavit, and the demurrers should have been sustained. 16 Ala. App. 138; 200 Ala. 700, 76 South. 998; 17 Ala. App. 403, 86 South. 164.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] The appeal is on the record, there being no bill of exceptions, and presents but one question. The prosecution was begun in the county court by affidavit and warrant, which charged that defendant had in possession whisky in violation of law On appeal to the circuit court the solicitor filed his information in which is charged that defendant did receive, accept delivery of, possess, or have in his possession prohibited liquors, etc. Demurrer was interposed to this information upon the ground of a departure, in that the affidavit had only charged possession, while the information charged other offenses. Demurrer was overruled, and this action of the court is here assigned as error. Our attention is called to the case of Echols v. State, 16 Ala. App. 138, 75 South. 814, wherein this court held that the addition of counts charging possession of more than a half gallon of liquor was a departure from a charge of selling, etc. And in Denham v. State, 17 Ala. App. 403, 86 South. 163, where we held that an affidavit, charging that defendant sold whisky, would not support an information charging other and distinct offenses against the prohibition law. These cases are not authorities in the case at bar. Receiving or accepting delivery of prohibited liquor would be impossible in the absence of possession. Therefore, receiving and accepting delivery of liquor, is, ex necessitate, embraced in a charge of possessing liquor.

[2] A departure in pleading is where a previous ground in the pleading is abandoned and a new ground assumed. McAden v. Gibson, 5 Ala. 341. In the instant case there was no such abandonment, each alternate averment embracing a possession. The demurrer was properly overruled.

The judgment is affirmed.

Affirmed.