(112 So. 98)

**GREEN v. STATE.   (7 Div. 312.)**

(Court of Appeals of Alabama.   March 29, 1927.)

Merrill, Field & Allen, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

BRICKEN, P. J.   ■   The prosecution against this appellant originated in the county court upon an affidavit and warrant which charged the offense of having in his possession spirituous, vinous, and malt liquors. From a judgment of conviction in said county court, for the offense there charged, he appealed to the circuit court, and was there tried by a jury upon a complaint filed by the solicitor of said court. The first complaint filed in the circuit court conformed to the original charge upon which the defendant was tried in the county court, and was sufficient in form and substance. The record discloses, however, that, after the defendant had pleaded to this complaint and the trial entered upon, upon the issue thus joined, the court, over the objection, motion to strike, etc., of the defendant, permitted the solicitor to file a new or amended complaint, in which it was charged that the defendant, in addition to the original accusation of possession, did sell, offer for sale, or keep for sale, spirituous, vinous, or malt liquors. The addition of the alternative averments, each of which charged an offense, was an unauthorized de-

parture from the original complaint, and the several rulings of the court in this connection were error. The amendments to a complaint, as authorized and provided in sections 3834 and 3835 of the Code 1923, do not contemplate a departure from the original charge and amendments may be allowed if a new and different case was not introduced. This identical question has been decided many times by the appellate courts of this state. Tatum v. State, 66 Ala. 465; Echols v. State, 16 Ala. App. 138, 75 So. 814; Ex parte State, 200 Ala. 700, 76 So. 998; Denham v. State, 17 Ala. App. 402, 86 So. 163; Broglan v. State, 17 Ala. App. 403, 86 So. 164; Hall v. State, 17 Ala. App. 404, 86 So. 165; White v. State, 17 Ala. App. 404, 86 So. 165; Moore v. State, 165 Ala. 107, 51 So. 357; Miles v. State, 94 Ala. 108, 11 So. 403; Clonts v. State, 19 Ala. App. 130, 95 So. 562.

There remains two other insistences of error, but, as this case must be reversed (from what has been said), no detailed discussion of these two propositions need be had. We regard several utterances of the solicitor, in his argument to the jury, as laying too much stress upon the fact that the defendant was a nergo. He was entitled to a fair and impartial trial notwithstanding that fact, and appeals to prejudice, or utterances in argument calculated to create prejudice, should not be indulged by counsel. Simmons v. State, 14 Ala. App. 103, 71 So. 979.

We are of the opinion that the exception reserved to the court's oral charge relative to the measure of proof necessary to a conviction is without merit. The court's oral charge, as a whole, properly stated the law.

Reversed and remanded.