(112 So. 535)

**BRASHER v. STATE.    (7 Div. 261.)**

Court of Appeals of Alabama.   April 19, 1927.

Leeper, Wallace & Saxon, of Columbiana, for appellant.

Charlie C. McCall, Asst. Atty., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. ▆ On appeal from conviction in the county court, and where the solicitor files a complaint in the circuit court, such complaint in its material allegations should be based upon, and confined to, the material allegations or charge in the original complaint or affidavit; otherwise there is a departure from the original accusation and charge upon which the state elected to proceed, and upon which the defendant was originally called upon to defend, and a departure of this character is not allowable. While the law provides that the case is to be tried de novo in the circuit court, yet the defendant cannot be tried for any other offense than the original offense instituted against him. More than this, he cannot be called upon or expected to answer, or be prepared to meet. This is but the "due process of law" contemplated and provided in the Constitution of the state. Constitution of 1901, art. 1, § 6, provides that in all criminal prosecutions the accused shall not be deprived of life, liberty or property, except by due process of law. On the question of departure see Echols v. State, 16 Ala. App. 138, 75 So. 814; Denham v. State, 17 Ala. App. 402, 86 So. 163; Broglan v. State, 17 Ala. App. 403, 86 So. 164; Wilson v. State, 18 Ala. App. 375, 92 So. 508; Miles v. State, 94 Ala. 106, 11 So. 403.

▆ In the instant case we think the solicitor was without authority to add to the second count of the complaint the new and additional averment, viz. "That this defendant has been convicted before for a violation of the same law." The force and effect of this additional averment, one not contained in the original affidavit or complaint, was to introduce into the case an element which did not appear in the county court, and was a clear departure. Its effect also was to change the charge or accusation from a simple one to an aggravated offense; the simple offense originally charged not necessarily calling for a sentence to hard labor as additional punishment in the event of conviction; and the other, in case of conviction, making it mandatory under the law that additional punishment at hard labor be imposed. When the defendant, over his objection, was forced to plead to the second count containing this new and additional averment, issue was therefore joined and forced upon him, one that he could in no manner be prepared to meet. To illustrate: Suppose upon the trial of this issue

in the circuit court it was insisted that some other person by the same name of the defendant was the one who was formerly convicted and not this defendant. In the absence of notice that this additional accusation would be made, could the accused be presumed to be ready to meet this issue by having the necessary witnesses present? For these and for other reasons the objection and motions of the defendant to the complaint containing this averment should have been sustained, and there was error in the rulings of the court in this connection.

▆ We note from the record that, as a result of the adverse rulings of the court above enumerated, the defendant's counsel moved the court to withdraw the case from the jury and declare a mistrial, and to the effort upon the part of counsel to protect their client, the solicitor addressed the court in the presence of the jury, and stated: "This is all buncombe, asking the court to declare a mistrial." This undignified, improper, and uncalled for statement had no place upon this trial; and, coming as it did from the representative of the state, the solicitor, holding and wielding the great power and influence of that office, it was calculated to injuriously affect the substantial rights of the defendant, and to create a bias and prejudice against him in the minds of the jury. Its tendency also was to place defendant's counsel in an unwarranted and unfavorable light, and to ridicule them before the court and jury. Certainly, even if the court indulged no more drastic action, these remarks should have been purged, and the defendant's objections and motions in connection therewith should have been sustained.

▆▆ It appears from the record that the conduct of the solicitor throughout the trial of this case had the tendency to defeat the defendant in obtaining a fair and impartial trial such as the law contemplates and accords. After the state had closed its case, the defendant offered Ed Estress as a witness, whose testimony was material and highly important to the defendant. On the cross-examination of this witness by the solicitor he was asked: "Q. You have pleaded guilty to attempting to make liquor haven't you?" This was not a proper inquiry, and the court so held; but the solicitor, not being content with the court's ruling, persisted in this line of inquiry, and stated: "I can introduce the record. I offer to introduce the record and show that he has pleaded guilty." And, after defendant's objection had been sustained, the solicitor again stated: "Now I offer to introduce the record of the circuit court showing that he did plead guilty to an attempt to make liquor."

Derogation of an adverse witness and the evidence given by him should not be attempted or indulged in by resort to illegal method of practice. The solicitor must have

known that this character of impeachment is not allowed or authorized by any rule of evidence known to the law. Its only effect was to produce an unfavorable impression of the witness before the jury, and thereby, in this unauthorized manner, lessen the weight of the witness' testimony, and impair his credibility before the jury. These and other matters of like import should have been considered by the court in passing upon defendant's motion for a new trial which, in our opinion, should have been granted.

 Over the objection of defendant, the state was allowed to prove by its witnesses that John Carden had stated in their presence the bottle of whisky in question belonged to, and was in the possession of, Sam Brasher, the defendant. This evidence was relevant, not only as a part of the res gestæ, but as an inculpatory statement made in the presence and hearing of the defendant, to which statement he at the time made no reply. With this evidence before the jury the defendant undertook to show on the cross-examination of the state witnesses who had testified to the alleged statement by Carden that at a different time and place Carden had retracted said statement, and had admitted that the whisky was his own and in his possession, and that the defendant knew nothing whatever about it. In sustaining the state's objection, and not allowing the proof of such contradictory and rebutting evidence, there was error, and the exceptions reserved in this connection were well taken, and are sustained. Other questions are presented, but need not be discussed.

Reversed and remanded.

RICE, J., concurs in the conclusion.