(136 So. 494)

## LEMLEY v. STATE.

### 8 Div. 309.

Court of Appeals of Alabama.
Aug. 4, 1931.

Watts & White, of Huntsville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

It appears from the record that this prosecution was commenced upon an affidavit of one R. S. Watson, on the 26th day of October, 1929, wherein one Nora Lemley was charged with the offense of violating the prohibition law of the state; and that this appellant, *Noah* Lemley, was arrested and required to answer the charge contained in said complaint and affidavit. The case was tried in the circuit court without a jury on the 10th day of December, 1930, more than twelve months after the institution of the prosecution. In answer to the complaint and affidavit, this appellant interposed a plea of misnomer, in proper form and substance, setting up that his name was not *Nora* Lemley, and that his true name was *Noah* Lemley, and that he had never been known or called by the former name. Issue was formed upon said plea, and the court, after having ascertained that the plea was proven without dispute or conflict, rendered judgment in favor of this appellant upon said plea of misnomer. In this the court was correct. There was error, however, in allowing the solicitor, over the objection and exception of appellant, to amend the original affidavit by striking therefrom the name of *Nora* Lemley and inserting the name of *Noah* Lemley. There was no reverification of the affidavit, nor could there have been, for upon the face of the proceedings it affirmatively appeared that the statute of limitations of twelve months had run, and this, of course, was conclusive. Appellant objected to being put to trial upon the affidavit as changed or amended over his objection, but, notwithstanding, the court overruled the objection and also denied appellant's immediate demand for a jury trial. In these rulings the court erred to a reversal.

In this connection appellant makes the following insistences:

"1. Code 1923, Sec. 4646, limits the respects in which affidavits charging a violation of the Prohibition Law may be amended to informalities, irregularities, or technicalities.

"2. Where one is brought to trial on an affidavit, the solicitor may not, by way of amendment, without consent of defendant, put material matter into the affidavit made by another person. Moore v. State, 165 Ala. 107, 51 So. 357.

"3. While irregularities in obtaining the jurisdiction of the person may be waived, a formal accusation by indictment, or complaint supported by oath, is essential to complete jurisdiction, and cannot be waived. Kyser v. State, 22 Ala. App. 431, 117 So. 157.

"4. Where amendment is allowable to meet plea of misnomer, the amendment must be verified in order to charge the defendant with the offense. Dillard v. State, 137 Ala. 106, 34 So. 851."

Section 4646 of the Code 1923 specifically limits amendments of affidavits charging violation of the prohibition laws to amendments made to meet "informalities, irregularities and technicalities." The failure to charge a defendant with an offense by his correct name or by the name by which he is known or called is such an omission or defect as the state may not correct as a matter of right over the objection of the defendant after the bar of the statute of limitations has run, under the provisions of the section cited. The appellate courts of Alabama have held that, where one is charged by affidavit with an offense against the laws of the state, the solicitor may not insert material matter into the affidavit of another person without the defendant's consent; and that, the particular offense charged having been barred by the statute of limitations, the defendant was entitled to be discharged.

In Moore v. State, 165 Ala. 107, 51 So. 357, the court said: "We think it is not permissible for a solicitor to put into an affidavit made by another person, by way of amendment, without the consent of defendant, any matter that is material to its validity. There are but two ways of bringing a defendant before the court for trial. One is by the indictment of a grand jury upon the sworn evidence of witnesses before it, and the other is upon an affidavit made by some person before a proper officer and a warrant of arrest issued thereon. We think it contrary to law to inject material matter not sworn to into an affidavit, without the consent of defendant, for the reason that he will then be put to trial upon a charge that has not been sworn to by any one. We are of opinion that the court erred in allowing the affidavit to be amended without the consent of the defendant. The statute of limitations having perfected a bar, the defendant is discharged."

In the case of Dillard v. State, 137 Ala. 106, 34 So. 851, 852, the Supreme Court held

that an amendment of an affidavit to meet a plea of misnomer upon which the defendant had judgment in his favor must be reverified.

It is evident that the bar of the statute (Code 1923, § 4931) had not run against the offense charged against Dillard. The court, in discussing the amendment, said: "Whether it was an amendment of the first, or the institution of a new prosecution, is unnecessary to decide, since, in either aspect, no error was committed of which the defendant can complain. The prosecution undoubtedly had the right to amend the first by a reverification to meet the plea in abatement interposed by defendant—in other words, to amend the affidavit upon a reverification so as to charge the defendant, by his correct name, with the offense. * * * But if it be said * * * a determination of the plea of misnomer on its merits, * * * in defendant's favor operated as a termination of the prosecution, the answer is that it was entirely competent to institute another prosecution upon the making of the affidavit upon which the trial was had. The clerk of the circuit court before whom it was made is, by the terms of the act creating the court that tried the case, ex officio clerk of that court, and express authority is conferred upon him to take the affidavit."

■■ The effect of the holding of the court in the Dillard and in the Moore Cases, supra, is that no amendment of the affidavit, by the insertion of material matter, may be made over the objection of the defendant, after the bar of the statute has run against the offense charged, and, where such an amendment is made before the bar of the statute, the affidavit must be reverified.

This court in the case of Kyser v. State, 22 Ala. App. 431, 117 So. 157, 158, held that the defendant may waive irregularities in obtaining jurisdiction of his person, but that a formal accusation by indictment or complaint supported by oath is essential to complete jurisdiction, and cannot be waived by the defendant. A failure to proceed against the defendant in the manner required by law is to deprive him of the protection of the due process provisions of our Constitution. In the Kyser Case, supra, this court said: "Jurisdiction of the offense and of the person must concur to authorize a court of competent jurisdiction to proceed to final judgment in a criminal prosecution. This to the end, a formal accusation sufficient to apprise the defendant of the nature and cause of the accusation is a prerequisite to jurisdiction of the offense. Irregularities in obtaining jurisdiction of the person may be waived, but a formal accusation by indictment, or authorized information, or complaint supported by oath, is essential to complete jurisdiction, and cannot be waived."

■ Section 5203, Code of Alabama 1923, expressly provides that, in determining whether the offense with which one stands indicted, and is held for another indictment, because of some defect therein, is barred by the statute of limitations, the time between the first indictment and the second shall not be computed; but there is no such statute applying to prosecutions on affidavit. It necessarily follows that in such cases, where the affidavit is defective, for want of material averment, and the question is raised by the defendant after the bar of the statute, any new affidavit charging the same offense would be subject to a plea of statute of limitations as here interposed.

■ As stated, the affidavit of the deputy sheriff charged "Nora" Lemley with a violation of the prohibition law, and the warrant issued thereon directed that *she* be taken into custody to answer said charge. The appellant, a man, was taken under the warrant, and over his strenuous objection was brought to trial on the affidavit.

The affidavit referred to was sworn to on the 26th day of October, 1929, and the trial was had on the 10th day of December, 1930, more than twelve months after the affidavit was made. Upon the trial, appellant filed his plea of misnomer setting up that his true name was *Noah* Lemley, etc., offered evidence in support of his plea, and had judgment in his favor thereon. The court allowed the solicitor, over the objection and exception of the defendant, to strike out of the affidavit the woman's name *Nora* and substitute therefor the man's name *Noah*. This ruling on the part of the court resulted in inserting into the affidavit of another person, as defendant, a material matter, over the objection of appellant, after the bar of the statute of limitations had run, and is not allowable. Moore v. State, 165 Ala. 107, 51 So. 357.

The objection interposed to this procedure on the part of the solicitor and the court was: (1) That such an amendment was not authorized by law; (2) that more than twelve months had elapsed since the date the original affidavit was made; (3) that the offense charged in the original affidavit was barred by the statute of limitations; (4) that the procedure made a new prosecution. All of the foregoing grounds of objection were well taken, and should have been sustained.

Had the bar of the statute not run against the offense charged in the original affidavit, an amendment of the affidavit to meet the judgment of the court on the plea of misnomer would have been allowable, but in that case the affidavit, as amended, would have to be reverified to support the proceedings. Dillard v. State, 137 Ala. 106, 34 So. 851.

Other points of decision are presented, but need not be discussed, they not being necessary to a decision.

Under section 3258 of the Code 1923, **this** court is charged with the duty of considering all questions apparent on the record or reserved by bill of exceptions, and must render such judgment as the law demands. From what has been said the court below should have ordered this appellant to be discharged. Such is the order here. The judgment of conviction from which this appeal was taken is reversed, and the appellant discharged from further custody in this proceeding.

Reversed and rendered.