31 So.2d 306

### HAYES v. STATE.
### 4 Div. 997.

Court of Appeals of Alabama.
June 30, 1947.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

J. N. Mullins, of Dothan, for appellant.

BRICKEN, Presiding Judge.

The affidavit upon which the prosecution in this case is based is an anomaly, in that it states,

"Before me C. J. Nordan a J. P. in and for said Henry County, personally came J. L. Corbitt, who being duly sworn, deposes and says that he has probable cause for believing, and does believe that the offense of unlawfully poisoning the Mount creek for the purpose of catching fish, has been committed in Henry County, Alabama, by Earl Hayes in that the said Earl Hayes within twelve months before making this affidavit, unlawfully poisoned the Mount creek for the purpose of catching fish, against the peace and dignity of the State of Alabama.

"Geo. H. Gamble

"Sworn to and subscribed before me, this the 17 day of June, 1946.

"C. J. Nordan, J. P."

As will be noted the purported affiant did not sign the affidavit but a person named Geo. H. Gamble did so sign it; and nothing appears to show that Gamble was qualified by being sworn in this connection.

The trial in the Justice of the Peace court resulted in the conviction of the defendant and he took an appeal to the cir-cuit court. In said court the Solicitor filed an "Information" which reads as follows: "The Solicitor of said County charges that, before the filing of this information, Earl Hays did take, catch, or kill, or attempt to take, catch or kill, fish in waters of this State, to-wit: Mount Creek, by poisoning the stream or body of water in which they were found, or by use of a poisonous substance put in the water, or by the use of fish-berries, lime, giant powder, dynamite, gunpowder, or other explosive substance."

Before pleading in the circuit court, the defendant made motion to strike the information as follows:

"Comes the defendant in the above styled cause and moves the Court to strike the information filed in this cause by the Solicitor in this Court on the 21st day of October, 1946: and for grounds of said motion assigns the following:

"1. The information filed by the Solicitor is not supported by sufficient affidavit in that there is a complete variance in the information filed by the Solicitor from the original affidavit filed in the Justice Court against this defendant in this cause.

"2. The information is a complete change of offense charged against this defendant.

"3. The information is a complete variance from the offense attempted to be set out in the original affidavit.

"4. The original affidavit filed in the Justice Court was insufficient to support a judgment of conviction, and does not furnish any foundation for a prosecution upon an information by the Solicitor.

"5. The information is a departure from the affidavit upon which it is based.

"6. The information contains many alternative averments, each of which charge an offense, and this as an unauthorized departure from the original affidavit and warrant filed against this defendant in the Justice Court.

"Wherefore, he prays that the information be stricken."

After due consideration, this court is of the opinion that the trial court erred to a reversal in overruling defendant's mo-

tion to strike the information. The several grounds of the motion to strike the information for that it is a complete departure, and change of offense from the original affidavit filed in the Justice Court are well taken and are sustained. This is made clear by the argument of counsel for appellant on these points wherein it is stated:

"The original affidavit charged, if anything, the offense of unlawfully poisoning the Mount Creek for the purpose of catching fish and that the offense had been committed in Henry County, Alabama, by Earl Hayes; and mentions no stream or waters.

"The Information filed by the Solicitor specifically charges that Earl Hayes did take, catch, or kill, or attempt to take, catch, or kill fish in the waters of this State, to-wit: Mount Creek: then the Information charges how and in what manner he did the alternatives mentioned. The word 'waters' was not mentioned in the Original Affidavit nor was the word 'stream' mentioned in the Original Affidavit; nor was 'body of water in which they were found' used or mentioned in the Original Affidavit. The information goes further and says 'use of a poisonous substance' which was not in the Original Affidavit and then in the alternatives: 'By the use of fish-berries' (Not in Affidavit), 'giant powder,' (Not in Affidavit), 'Lime,' (Not in Affidavit), 'Dynamite,' (Not in Affidavit), 'Gun Powder,' (Not in Affidavit), or 'other explosive substance,' (Not in Affidavit)."

The foregoing is ·in line with numerous decisions of the appellate courts of this State. Green v. State, 22 Ala.App. 56, 112 So. 98, 99. In said case ·the court said: "The addition of the alternative averments, each of which charged an offense, was an unauthorized departure from the original complaint, and the several rulings of the court in this connection were error. The amendments * * * as authorized [by Law] do not contemplate a departure from the original charge and amendments may be allowed if a new and different case was not introduced. This identical question has been decided many times by the appellate courts of this state. Tatum v. State, 66 Ala. 465; Echols v. State, 16 Ala.App. 138, 75 So. 814; Ex parte State 200 Ala. 700, 76 So. 998; Denham v. State, 17 Ala.App. 402, 86 So. 163; Broglan v. State, 17 Ala. App. 403, 86 So. 164; Hall v. State, 17 Ala. App. 404, 86 So. 165; White v. State, 17 Ala.App. 404, 86 So. 165; Moore v. State, 165 Ala. 107, 51 So. 357; Miles v. State, 94 Ala. [106], 108, 11 So. 403."

The original affidavit, and also the "information," filed by the Solicitor, described the water in question as "Mount Creek," in Henry County, Alabama. The preponderance of the evidence tended to show that the acts of defendant complained of, if committed, were not in Mount Creek, as alleged, but that it was Peterman Creek, some mile or two distant from Mount Creek. We pretermit a discussion as to whether or not such averment was material or essential, but we must and do hold, having been averred in both the affidavit and the information the State was under the duty to make proof thereof.

■ It has been definitely settled that even an unnecessary allegation, but which is descriptive of the identity of that which is legally essential to the charge, as here, must be proven as laid. Johnson v. State, 35 Ala. 363, 366.

■ The court took a different view on this question and orally charged the jury "That the creek or water or the stream is not a material element making up the offense. The place where it was done, or the name of the creek in which the lime was put does not, is not rather, a material element going to make up the offense, etc. The court's action in refusing several written charges on this question was to the same effect, thus holding that notwithstanding the affidavit, and information, specifically averred that the act complained of by the defendant was committed in Mount Creek, the State was under no duty to offer any proof in support of these allegations or averments. In this the court was in error. Gilmore v. State, 99 Ala. 154, 13 So. 536; Sexton v. State, 29 Ala.App. 336, 339, 196 So. 742; Weatherly v. State, Ala.App., 30 So.2d 484; Porter v. State, 17 Ala.App. 550, 86 So. 143.

We note from the record that the able and experienced Solicitor was cognizant of the point hereinabove discussed and

sought permission of the court to undertake to correct same by amendment. The learned trial judge correctly ruled that at that stage of the proceedings, the amendment was not allowable.

No further discussion is deemed necessary, except to hold that the court erred in overruling and denying defendant's motion for a new trial as grounds 8, 9, 10 and 11 of said motion were in point and well taken.

Reversed and remanded.