(118 So. 765)

## LUCAS v. STATE.  (4 Div. 396.)

Court of Appeals of Alabama.  Nov. 20, 1928.

Powell & Albritton, of Andalusia, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

RICE, J. Code 1923, § 8641, which remains, without change, the law on the subject treated until this day, is as follows:

"In every criminal case the jury shall be drawn, selected and impaneled as follows: Upon the trial by jury in any court of any person indicted for a misdemeanor, or felonies not punished capitally, or in case of appeals from lower courts, the court shall require two lists of all the regular jurors impaneled for the week, who are competent to try the defendant to be made and the solicitor shall be required first to strike from the list the name of one juror and the defendant shall strike two, and they shall continue to strike off names alternately until only twelve jurors remain on the list, and these twelve thus selected shall be the jury charged with the trial of the case."

The record in this case shows affirmatively that appellant, charged with a misdemeanor, was required, over his objection, to "strike the jury" which was to try him from the first 24 names on a list which contained 37 names of "regular jurors impaneled for the week who were competent to try the defendant." And by "competent" we mean, in addition to the regular meaning of the word, not at the time engaged in the performance of any other duty. Proper exception was reserved to the action of the court mentioned.

In the face of the plain terms of the statute quoted, we must hold the said action of the court reversible error. Since the other questions presented involve nothing new, but only such legal propositions as have been discussed time and again, we will not here treat them.

Reversed and remanded.