52 So.2d 520

### GLOVER v. CITY OF BIRMINGHAM.
#### 6 Div. 6.

Court of Appeals of Alabama.
March 13, 1951.

Rehearing Denied April 3, 1951.

Gibson & Hewitt, of Birmingham, for appellant.

Chas. H. Brown, of Birmingham, for appellee.

CARR, Presiding Judge.

. This is an appeal from a judgment of conviction in the circuit court for the alleged violation of Sec. 600 of the General City Code of the City of Birmingham. The ordinance on which the prosecution is based is known as the "lottery law."

The constitutionality of the ordinance has been upheld in Fiorella v. City of Birmingham, Ala.App., 48 So.2d 761,[1] certiorari denied 254 Ala. 515, 48 So.2d 768; City of Birmingham v. Reed, 35 Ala.App. 31, 44 So.2d 607.

Officer Goldstein, who qualified as an expert, was permitted to state that certain papers which were shown to him were suitable or customarily used in the operation of a lottery. We have held in several cases that it was permissible for this same witness to give affirmative answer to this question. Two of these are Brooks v. City of Birmingham, 31 Ala.App. 579, 20 So.2d 115; Ford v. City of Birmingham, 35 Ala.App. 371, 47 So.2d 287.

According to the officers' testimony, the appellant made statements or confessions at two different times and places shortly after his arrest. Counsel insists that it is not shown that on one of these occasions the statement was voluntary. He overlooks, however, that the predicate when laid was made to include the time and place about which complaint is urged. This is evident from the city attorney's question: "Mr. Goldstein, I will ask you whether or not, either there at the jail, or in the car, after you picked him up over—anytime while you had him, or while you carried him from 56th Street over to the City Jail, if this defendant made any statement to you?"

This was answered in the affirmative, and then followed: "Now, Mr. Goldstein, before he made that statement, I will ask you whether or not you or anyone in your presence, threatened him to get him to make a statement, or used any violence towards him, or on his person, or if you

told him it would be better for him to make a statement, or worse for him if he did not; or if you held out any hope of reward, or hope of lessening of punishment towards him; or did anyone in your presence or hearing do any of those things to get him to make that statement?"

The affirmative reply to both of these questions removes all doubt that what the accused said on both occasions was voluntarily made in conformity to the rule.

Written charge numbered 5 was properly refused. It was not the task of the jury to be concerned about the matters set out in the tendered instruction.

We have responded to each question which is presented for our review.

The judgment below is ordered affirmed.

Affirmed.