140 So.2d 371

**J. E. BROWN**

v.

**STATE.**

**I Div. 889.**

Court of Appeals of Alabama.

April 17, 1962.

Kenneth Cooper, Bay Minette, and Frank G. Horne and Douglas S. Webb, Atmore, for appellant.

MacDonald Gallion, Atty. Gen., and Winston Huddleston, Sp. Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This prosecution originated in the County court of Baldwin County, the appellant having been found guilty in that court upon an affidavit signed by W. O. Garner. that he did " * * * transport, sell, have in his possession or under his control illegally, vinous spiritous or malt liquors * * *." Upon being adjudged guilty in the County court, this appellant perfected his appeal to the Circuit Court of Baldwin County.

In the Circuit Court the Solicitor filed a complaint which charged that the appellant did " * * * sell, furnish or give alcoholic beverage towit; beer to Ronnie Boyington, a minor, contrary to law * * *."

A motion to quash the Solicitor's complaint was filed on the grounds that said complaint was a departure from the original affidavit, and that the appellant was charged in the complaint with a new and distinct offense not embraced in the affidavit filed in the County court.

Upon the court overruling the appellant's motion to quash the Solicitor's complaint, a demurrer was filed to the complaint, some of the grounds of the demurrer being the same as those above mentioned as grounds for the motion to quash. This demurrer was likewise overruled.

It further appears from the record that the appellant duly excepted to the court's action in compelling him to strike from the last 24 members of the jury panel, there being available the entire panel consisting of 48 members. In this connection, the court stated:

"THE COURT: Let the record show that the Court is very anxious to expedite the business of the Court, and

as a general rule the Attorney for the Defendant will take from 30 to 45 minutes to strike a jury, and in order to save time, the Court is limiting them to 24.

"MR. HORNE: And we except."

It is obvious that the affidavit upon which this appellant was prosecuted in the County court was so drawn as to charge the appellant with violation of Sec. 98, Tit. 29, Code of Alabama 1940, which Section makes it unlawful for any person to sell, offer for sale, possess, or give away prohibited liquors and beverages.

It is equally obvious that the Solicitor's complaint was drawn under Sec. 36(2), Tit. 29, Code of Alabama 1940, which makes it unlawful for any manufacturer, wholesaler, or distributor of malt or brewed beverages "to sell, furnish or give · any beverage * * * to any minor * * *."

The offense denounced by Sec. 36(2) supra, is a separate and distinct offense from that denounced by Sec. 98, supra, with differing constituent elements.

Clearly, therefore, the Solicitor's complaint constituted a material departure from the affidavit filed in the County court, and the motion to quash the Solicitor's complaint should have been sustained.

The Solicitor's complaint, stating a new and different cause of action, unsupported by an affidavit charging the offense set forth in the complaint, was nothing more than a mere statement by the Solicitor. Echols v. State, 16 Ala.App. 138, 75 So. 814; Broglan v. State, 17 Ala.App. 403, 86 So. 164; Green v. State, 22 Ala.App. 56, 112 So. 98; Hayes v. State, 33 Ala. App. 178, 31 So.2d 306. See also, Moore v. State, 165 Ala. 107, 51 So. 357.

▪ Tit. 30, Sec. 60, Code of Alabama 1940, provides as follows:

"In every criminal case the jury shall be drawn, selected and empaneled as follows: Upon the trial by jury· in any court of any person indicted for a misdemeanor, or felonies not punished capitally, or in case of appeals from lower courts, the court shall require two lists of all the regular jurors empaneled for the week, who are competent to try the defendant, to be made and the solicitor shall be required first to strike from the list the name of one juror and the defendant shall strike two, and they shall continue to strike off names alternately until only twelve jurors remain on the list, and these twelve thus selected shall be the jury charged with the trial of the case."

In Lucas v. State, 22 Ala.App. 632, 118 So. 765, the appellant, charged with a misdemeanor, was required, over his objections to strike from the first 24 names on the jury list which contained 37 names of regular jurors empaneled for the week, not at the time engaged in the performance of any other duty. An exception was reserved to the action of the court in the above instance. Writing to this point, the late Judge James Rice stated:

"In the face of the plain terms of the statute quoted, we must hold the said action of the court reversible error."

Certainly, this principle would apply to the present case where this appellant was compelled to strike from the last 24 members of a jury panel of 48 names.

For the errors above pointed out, this judgment must be reversed. Other points are argued in the appellant's brief. They are not likely to arise in another trial of this case, and we therefore pretermit a discussion of them.

Reversed and remanded.