237 So.2d 116

Charles CARR

v.

STATE.

3 Div. 14.

Court of Criminal Appeals of Alabama.

June 16, 1970.

Hobbs, Copeland, Franco, Riggs & Screws, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This prosecution originated in the Municipal Court of Montgomery, Alabama, by affidavit which reads, in pertinent part, as follows:

"Charles Carr on or about the 4th day of October, 1968, within the limits of said City, County and State, and within the Police Jurisdiction of the City of Montgomery: Did permit the carrying on of the business of bookmaking at his residence at 1127 Lombard Street, Montgomery, Alabama, in that he permitted Charles Sellers to receive a bet or wager by telephone on the outcome of the Football Game between the University of Alabama and the University of Mississippi that was played on October 5, 1968, in violation of Title 14, Section 261. (4279) (7004) of the Code of Alabama (1958)."

Defendant was convicted in the municipal court and appealed to the circuit court of Montgomery, where he was again convicted, assessed a fine of $500.00 and sentenced to the county jail for a term of twelve months.

In the Circuit Court the district attorney filed a complaint, charging that defendant, "did carry on or conduct the practice known as bookmaking or did keep a place, to-wit, 1127 Lombard Street, Montgomery, Alabama, to which persons resort for betting upon the event of athletic contests, one of which being a football game between the University of Alabama and the University of Mississippi."

Defendant filed a motion to strike the district attorney's complaint on the grounds that said complaint was a departure from the affidavit upon which it was based. The motion was denied.

Section 261 of Title 14, Code of Alabama 1940 reads:

"Any person or corporation who shall carry on or conduct the practice commonly known as book-making or pool-selling, or either of them, or shall keep a place to which persons shall resort for engaging in such practices, or either of them, or for betting upon the event of any horse race, or other race of contest, either within or without this state, and shall, on conviction, be punished by a fine of not less than one hundred nor more than five hundred dollars, and by imprisonment in the county jail for not less than one month nor more than one year."

█ Although the affidavit purports to be drawn as for a violation of Section 261, Title 14, Code, supra, it is obvious that it does not charge the carrying on business of bookmaking, or pool-selling, but is limited to the taking of one bet on a football game by a named person. This offense is denounced by Section 278 of said Title 14, Code, which reads:

"Any person, who, either as a principal or agent, sells any pool ticket, chance or other device, or makes or takes any wager, or enters into any transaction whereby money or other valuable thing may be won or lost upon any prize fight, drill, baseball game, or other contest; or any person who acts as agent for any person * * * or does anything to aid any other person in entering into any transaction whereby he may win or lose money or other valuable thing upon any horse race, prize fight, drill, baseball game, or other contest, shall, upon conviction, be fined not less than twenty-five nor more than five hundred dollars for the first offense * * *."

The offense denounced by Section 261, supra, is a separate and distinct offense from that denounced by Section 278, supra. See State v. Schell, Fla.App. (1968), 211 So.2d 581.

The district attorney's complaint was a departure from the affidavit upon which the defendant was tried and, convicted in the municipal court, therefore the court erred in denying the motion to strike.

As was said in Brown v. State, 41 Ala. App. 565, 140 So.2d 371:

"The Solicitor's complaint, stating a new and different cause of action, unsupported by an affidavit charging the offense set forth in the complaint, was nothing more than a mere statement by the Solicitor. (citing numerous cases)."

Defendant argues in brief that the court erred in allowing the witness Swindall, a police officer, to give his opinion of the meaning of certain documents purported to have been seized at defendant's home.

█ The mere fact that a witness is a law enforcement officer does not qualify him to testify as an expert in prosecutions for anti-gambling law violations. His qualification must be established as a condition precedent to the admissibility of his testimony. 38 Am.Jur.2d Gambling, Sec. 157, pgs. 219, 220; Glover v. City of Birmingham, 36 Ala.App. 51, 52 So.2d 520, cert. den. 255 Ala. 596, 52 So.2d 521; State v. Damico, 213 La. 765, 35 So.2d 654.

█ Captain Swindall stated on cross examination that this was the first time he had ever participated in a raid on a purported bookmaking establishment; that he would not say he was an expert on what constituted records of bets; that he could not point to a single entry and say whether or not it was the record of a bet. By his own admission he was not qualified to give expert testimony, however, while the record does disclose a colloquy between the court and counsel, we find no specific objection to the competency of this witness, therefore the matter is not presented for our review.

For the error pointed out hereinabove the judgment is reversed and the cause remanded.

Reversed and remanded.