Appellant was indicted for murder in the first degree, convicted of murder in the second degree and sentenced to imprisonment for fifteen years.
It happened at night in a "bar" at a place uniformly referred to by the witnesses as "Marco's" in Mobile County. There was strong evidence that defendant had cursed the alleged victim, Mayo Flynt Odom, that Odom responded by knocking defendant to the floor, that defendant went outside and obtained a rifle, with which he shot and killed Odom. Defendant testified that he had been drinking extremely heavily, that he had some recollection of what had happened *Page 875 
between him and the victim prior to the firing of the shot that killed him, but he could not give a clear account of what occurred. No question is raised on appeal as to the sufficiency of the evidence to support the verdict, and we see no basis for a serious question as to the sufficiency.
During the interrogation by the court of the panel of jurors from which the jury to try the case was to be selected, the following occurred:
 "THE COURT: . . . Do any of you have any knowledge of this particular case? This charge against this defendant? Alright. Your name and your panel number.
". . .
"JUROR FRED SAVELL: Panel 3.
 "THE COURT: Mr. Savell, you have some knowledge of this case?
"JUROR: Yes, Your Honor, I heard —
 "THE COURT: — I don't want you to go into detail. You do have knowledge of it, right?
"JUROR: Right.
 "THE COURT: Would that fact have any bearing on your duty and responsibility to render a fair and impartial verdict based solely on the evidence presented in this case in this courtroom?
"JUROR: I don't believe so. It might though.
 "THE COURT: Your duty and required responsibility is to exclude from your consideration when you sit on the Jury, to consider only what is presented in Court. And you are saying you are unable to do that?
"JUROR: No, sir. I'll be able to.
 "THE COURT: I have to be sure to know what you mean. Are you going to be able to do it?
"JUROR: Yes, sir.
 "THE COURT: You can exclude the fact that you have knowledge of this case before hand and you have heard other things said about it. That you would decide the case based on what you find the evidence to be presented in this courtroom?
"JUROR: Yes, sir.
"THE COURT: Is there any question about that?
"JUROR: No, sir.
"THE COURT: You may be seated.
 "MR. MARSAL: I challenge for cause, Judge. He testified that he has knowledge in and knowledge acquired outside the realm of evidence makes him disqualified as a juror.
"THE COURT: I will deny the motion, Mr. Marsal.
"MR. MARSAL: We except."
It may well be that the court should have inquired further of the juror as to what he meant by having some knowledge of the case, but we cannot say with assurance that it should have done so or that defendant was injured by reason of the failure of the court to do so.
It has long been the established law in Alabama not only that it is the duty of the trial court "before administering the oath prescribed by law" to ascertain that jurors possess the qualifications required by law (Code Ala. 1975, § 12-16-6) but also it is the right of a party to supplement the examination by the court, as thus stated:
 "In civil and criminal cases, either party shall have the right to examine jurors as to their qualifications, interest, or bias that would affect the trial of the case, and shall have the right, under the direction of the court, to examine said jurors as to any matter that might tend to affect their verdict." Code of Alabama, Recomp. 1958, Tit. 30, § 52.
In considering the language of both the cited Code sections as it was then found in the applicable Code of 1958, Recompiled, the court held in Johnson v. State, Ala.Cr.App.,335 So.2d 663, 672, cert. denied, 335 So.2d 678 (1976):
 "Appellant contends that the trial court's voir dire examination of prospective jurors was inadequate and that denial of this motion for individual counsel-conducted voir dire constituted error.
". . . *Page 876 
 "The trial court allowed the defense to submit questions `to the court for its consideration one day before the qualifying of jurors,' and the trial judge also allowed additional questions during the qualification of jurors, `if the response to the original questions pronounced by the Court seems to justify such additional questions.' We find no abuse of discretion by the trial court in following such procedure. Title 30, § 6, Code of Alabama 1940, requires the trial judge to ascertain that the jurors possess the qualifications required by law, and Title 30, § 52, allows either party the further right to examine jurors, `under the direction of the Court.' . . ."
It seems that Ala. Code 1975 does not have a counterpart to Code of Alabama, Recompiled 1958, Tit. 30, § 52. The language thereof is to be found, with some modification as noted, in Rule 47, Alabama Rules of Civil Procedure:
 "The court may permit the parties or their attorneys to conduct the examination of prospective jurors or may itself conduct the examination. In the latter event, the court shall permit the parties or their attorneys to supplement the examination as may be proper."
Notwithstanding any apparent hiatus, there can be little doubt as to the law that has prevailed for many years in Alabama to the effect that in the process of selecting the jury from the venire afforded, each party has the right to have questions formulated by it propounded to the jury, either by the court or by the party as the court may determine, if such questions reasonably relate under the circumstances to the question of the qualification or interest or bias on the part of prospective jurors.
The answer of the juror does not disclose any of the twelve specific grounds for challenge for cause contained in Ala. Code 1975, § 12-16-150. It is conceivable, we think, that additional questions to and answers of the juror would have disclosed a ground for challenge for cause, but this is by no means certain. At any rate, it was as incumbent upon the defendant as it may have been upon the court, to assure such an interrogation of the juror as to reveal a ground for challenge. Under the circumstances presented, no error is to be found in the court's denial of defendant's challenge of the particular juror.
At the request of the State and over the objection of defendant, the trial court required the parties to select a jury from a list of thirty, even though more than thirty jurors were then available. Appellant says that this was in conflict with Code of Alabama 1975, § 12-16-100, which provides that "the court shall require two lists of all the regular jurors empanelled for the week who are competent to try the defendant to be made" from which the jury shall be selected in criminal cases. He cites Brown v. State, 41 Ala. App. 565, 140 So.2d 371
(1962) and Lucas v. State, 22 Ala. App. 632, 118 So. 765 (1928) in support of his contention.
Appellee endeavors to distinguish the instant case from the cases cited by appellant and make them inapplicable to the quoted provision of Code 1975 § 12-16-100, by saying that said Section "deals with the mechanics of striking the jury."
We do not agree with appellant's contention that he was entitled to a list of forty-two jurors from which to select a jury; nor do we agree with appellee's contention that the minimal number of jurors from which a jury is to be selected of twenty-four persons, as provided by Ala. Code 1975, § 12-16-102, meets the general requirements of statutory law on the subject. Both parties have apparently overlooked the controlling statute, applicable only to counties with a population of not less than 200,000, nor more than 400,000 (which includes Mobile County).[1] Appx., § 543 (6), Code of Alabama Recomp. 1958 provides:
 "In every criminal case, any defendant or the prosecution may demand a struck *Page 877 
jury. When so demand[ing], the clerk or his deputy or assistant or other person designated by the judge presiding, shall furnish all parties with a list [of] thirty competent jurors in attendance upon the court in all cases except in capital cases, and in capital cases shall furnish all parties with a list of forty-two competent jurors in attendance upon the court. . . ."
The actual trial of the case continued for parts of two days. The jury had been selected on a preceding day. On the first day of the actual trial, before the parties had stated their respective cases to the jury and before any of the witnesses testified, the court proceeded to have them come into the courtroom and be sworn as witnesses. Thereupon, the following, as pertinent to the proposition hereinafter discussed, occurred:
 "THE COURT: Now the rule has been requested and I better have you all come up here and talk to y'all about this. Come up here. Let me have your attention please. As witnesses now, the law requires under this rule that you stay out of the courtroom until you are called to testify. So you're under instructions from the Court now not to come into the courtroom until you are requested to come in and testify. The rule further provides that you cannot talk about your testimony before or after you testify with other witnesses. You have a right to talk to the lawyer who has subpoenaed you at any time. But you cannot discuss your testimony with anybody — with other witnesses before or after you testify [not included are splendid instructions to the jury as to their duty not to make contact or converse with the jury]. Don't under any circumstances talk to anybody. Not only that, as far as evidence part of the case, stay away from the people involved on the other side of the case. Do not discuss the case out in the hall.
 "MR. MARSAL: Judge, I have one observation to make. It's my understanding that I have the right to talk to any witness regardless whether I subpoenaed them or the State subpoenas them.
 "THE COURT: Well, I tell you you're going to have that right with the permission of the Court. You have a right to talk to your own witnesses, but if you want to talk to a witness of the State, you must request the Court.
"MR. MARSAL: We except.
 "MR. HALE: Judge, is that the same policy you wish me to abide by?
 "THE COURT: It applies to both sides. Now if the lawyer of the State has called you as a witness, then, of course, the State prosecutor can talk to you. If the lawyer on the other side if you are a defense witness, before Mr. Hale can talk to you, he must talk to the Court and get permission. The same way Mr. Marsal. Before he can talk to the State's witnesses, he talks to the Court and gets permission. Is that clear? Any question about that, Mr. Marsal?
 "MR. MARSAL: Yes, sir. I except to it because I have a right to talk to them without the consent of the Court.
 "THE COURT: You are expected and by order of the Court instructed to request such permission. Now, I don't want witnesses now — in a case we had recently, we had people sitting out there looking in at people testifying. I don't want you sitting out there on the bench watching people testify. I want y'all to stay away from the entrance to the door. . . ."
A major insistence of appellant is that the right of his counsel to talk with witnesses was unduly and erroneously restricted by the action of the trial court. Although not dispositive of the particular issue in the instant case, it seems profitable to restate what was held and stated in Gallmanv. State, 29 Ala. App. 264, 195 So. 768, 770-771 (1940):
 "It is a mistake of a serious nature for a trial court, or opposing counsel, to assume or intimate that counsel for the defendant is not at full liberty to question, whenever he sees fit, any person who knows or is presumed to know the facts attendant upon the commission of the offense with which his client is accused. *Page 878 
It is his solemn, sworn duty to ascertain, as far as he can, what the evidence is, and his duty is not at an end when he has examined, no matter how exhaustively, his client; he must see and talk with the witnesses. Sharwood's Legal Ethics, p. 121; Elliott's General Practice, Chapt. 1, Sections 1-5; Chitty's Practice, Vol. 2, pages 21 and 53.
". . .
 "If the defendant had the right to confer with the witness, Jordan, at all, he had the right to such conference in the absence of any intimidating influences whatever. The defendant, himself, had no right to the information of the witness except that which he, voluntarily and fairly, was willing to give. If counsel for the defendant abuses his right in obtaining the true and voluntary statement of a witness with reference to the facts deemed relevant upon the trial of the case then such counsel is amenable to the statutes of this State prohibiting the bribery, or intimidation, of witnesses and other specified improper conduct in connection therewith. It is therefore the opinion and judgment of this court that the trial court committed reversible error and abused its discretion in imposing upon defendant the right to confer with the witness upon the sole condition that the State's solicitors be present at such conference."
A party does not have the right either personally or by his attorney to confer with any and all witnesses at any and all periods of time and under any and all circumstances during the trial of a case. To promote reasonable progress and promptness, guard against disorder and disturbances in the premises surrounding the courtroom, protect inexperienced witnesses against injustice and misunderstanding, particularly witnesses who are not sui juris, discretion is vested in the trial court to make reasonable restrictions as to the time, place and circumstances under which counsel may confer with witnesses during a trial. For instances, it was held in Hudson, et al. v.State, 137 Ala. 60, 34 So. 854 (1902):
 "As Alice Ware, a witness for defendants, was getting on the witness chair, defendants' counsel for Hudson and Jones stated that he had not had an opportunity to talk to the witness, and asked to be allowed to speak to her privately before examining her, but the court declined to allow him to do so. This was a matter within the discretion of the court, and there does not appear to have been any abuse of its discretion."
And in Veith v. State, 48 Ala. App. 688, 267 So.2d 480, 486
(1972), it was held that "due to the child's tender years" and "emotional stress" he need not "be subjected to an interview just prior to the inception of trial."
Many special circumstances in which the trial court was upheld in the exercise of its discretion in declining to permit counsel to talk with witnesses at particular moments, places and under special circumstances are to be found at 23 C.J.S.Criminal Law § 1025.
Even though we inwardly feel that there must have been some good reason in the mind of the trial court for restricting defendant's counsel to such an extent that he could not talk with witnesses subpoenaed by the State unless and until he had obtained the permission of the trial court to do so, we look to the record in vain for such reason. There are good reasons, we think, to the contrary. The established right and duty of an attorney to talk with witnesses, even witnesses against his client, may be weakened by any condition that would require a report thereof or request therefor to be made to anyone, which is not justified in the absence of a countervailing reason for the restriction. Furthermore, an attorney for a party in a hotly contested case, whether at recess or not, whether overnight or not, can well have a notion in the interest of his client's cause to talk to a particular witness, face to face or by telephone, on the sidewalk, or at the place of business of the witness, any of which could be at a time when access to the ear of the court is not readily available. A denial of his usual right to talk with the witness *Page 879 
could be a serious detriment to the cause of his client. In addition, we point out that the right of an attorney to interview a witness should not be impaired by any occasional right of the opposing attorney to be informed of the interview. Whether under the restriction imposed by the court, counsel would have been informed of the request of defendant's counsel is not shown. The absolute impartiality of the trial judge is demonstrated by his placing the same restriction upon State's counsel as he did upon defendant's counsel, but even so, it either encouraged ex parte communications between counsel and the court or it permitted each counsel to be informed of what opposing counsel was doing as to the matter, which would give opposing counsel information to which he was not entitled unless otherwise obtained.
The question now under consideration is not to be confused with that of whether a defendant may obtain an order permitting or requiring a witness for the prosecution to allow defendant's attorney to interview him. The latter question is largely embraced, as shown by the numerous authorities cited, in the statement in 23 C.J.S. Criminal Law, 1025, p. 1104:
 "There is authority for the view that the trial court, in the exercise of a sound discretion, may refuse to permit accused or his attorney to interview witnesses for the prosecution."
A review of the several authorities cited discloses various special circumstances, such as the untimeliness of the request for an interview with the witness. In some, special problems attendant upon a desire to interview witnesses in custody of the government were involved. In others, the problem for the trial court to determine involved a contest between a desire of the witness not to be questioned by defendant's counsel and that of defendant or his counsel to interview the witness. There seems to be an abundance, if not a plethora, of cases in which the trial court has been affirmed in upholding the superior right of the witness not to be interviewed against his will, as well as in a variety of situations in which the trial court would not permit an interview by reason of the time, place, circumstances or peculiar status or situation of the witness. We find no case, however, in which there has been an approved blanket denial of defendant's right to talk with witnesses for the State, none in which it was held that defendant could not talk with witnesses for the State unless first requesting and obtaining the consent of the court to do so. A defendant's attorney has the right to talk with a willing witness, without first obtaining permission of the court. A denial of that right in the absence of any apparent reason therefor is out of the range of the discretionary functions of the court.
The record is free of any statement or inference that the witnesses for the State were unwilling for defendant's counsel to converse with them. Contrary to the spirit of the principle that an attorney has the right to talk with willing witnesses, the court instructed the witnesses, "Don't under any circumstances talk to anybody. Not only that, as far as the evidence part of the case, stay away from the people on the other side of the case." Although no reason was given for the instructions, the court's ruling was plain. The witnesses for the State could talk freely with State's counsel; they could not talk with defendant's counsel unless and until permission of the court was given. Why that distinction? The witnesses were the property of neither the State nor the defendant. The law was correctly stated in defendant's exception: "I except to it because I have a right to talk to them without the consent of the court."
The witnesses testifying for the State as to what occurred on the occasion of the homicide were a close friend of the deceased and a brother of the deceased. Another brother of the deceased, the operator of Marco's, where the homicide occurred, was present at the time of the homicide and was present in court as a witness. Defendant himself was the only witness for defendant who testified as to what occurred on the occasion of the homicide. Two additional witnesses testified for the State on rebuttal that on the day of the homicide the *Page 880 
defendant and one George Smith tried to start a fight with them.
As previously stated, the testimony of defendant was to the effect that he was so intoxicated and so injured by being knocked down by the deceased that he did not have a good recollection of what occurred thereafter. It would be difficult to imagine a case in which an attorney could receive as little aid from his client in attempting to defend him, one in which the responsibility rested more heavily upon the attorney's shoulders to do what he could, at every opportunity presented, to interview State's witnesses as to what occurred. The restriction upon his right to do so over a period of two days and two nights could have well meant the difference between a verdict of murder in the second degree and a verdict of manslaughter in the first degree. The jury was in its province in finding the former, but freedom of a capable attorney to talk with the witnesses would certainly have put him in a better position to obtain honorably the best result possible for his client. The court was in error in its restriction upon that right.
For the error indicated, the judgment of the trial court should be reversed and the cause remanded for another trial.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.
All the Judges concur.
TYSON, J., concurs specially with opinion in which DeCARLO, J., joins.
[1] Ala. Code 1975 does not repeal "statutes which relate to or apply to only one county." Ala. Code 1975, § 1-1-10.