DeCARLO, Judge.
Theft of property in the first degree; five years probation.
The facts in this case are not in issue. The appellant’s sole contention is that the trial court committed reversible error when it compelled him to strike from a jury list which contained less than all the competent jurors called for service that week who were not otherwise engaged in court activity-
The record reflects that seventy-eight jurors were qualified for service during the week of appellant’s trial. Twenty-four of those were hearing or deliberating other cases and were not available to serve at appellant’s trial. Appellant maintains that he should have been allowed to strike from a list composed of the remaining fifty-four jurors.
In support of this contention the appellant has cited § 12-16-100, Code of Alabama 1975, and § 12-16-102, Code of Alabama 1975. Section 12-16-100, supra, provides:
“In every criminal case the jury shall be drawn, selected and empaneled as follows: Upon the trial by jury in the circuit courts of any person indicted for a misdemeanor, or felonies not punished capitally or upon appeals to the circuit courts from lower courts, the court shall require two lists of all the regular jurors empaneled for the week who are competent to try the defendant to be made, and the district attorney shall be required first to strike from the list the name of one juror, and the defendant shall strike two, and they shall continue to strike off names alternately until only 12 jurors remain on the list and those 12 jurors thus selected shall be the jury charged with the trial of the case.”
Section 12-16-102, supra, provides:
*918 “If, for any cause, the regular number of jurors competent to try the defendant is reduced below 24 in noncapital felonies and 18 in misdemeanor cases, the court must cause twice the number of the deficiency who live within five miles of the courthouse or who live with the corporate limits of any city of 10,000 or more inhabitants in which the court is held to be drawn and summoned, and the names of those appearing, who are competent to try the defendant, must be placed on the list of regular jurors for that week, and the district attorney and the defendant shall, in like manner, as provided in this division, be required to strike from the lists thus made up the names of the jurors as provided until only 12 jurors remain, who shall be the jury charged with the trial of that case.”
The appellant also relies upon Lucas v. State, 22 Ala.App. 632, 118 So. 765 (1928) and Brown v. State, 41 Ala.App. 565, 140 So.2d 371 (1962). These cases are distinguishable from the present case. In Lucas, the court limited the strike list to the first twenty-four names on a jury list containing thirty-seven names. In Brown the defendant was made to strike from the last twenty-four names on a jury list consisting of forty-eight names. In Lucas and Brown the restriction that defendant strike from the first or the last twenty-four names removed the random feature by which a jury panel is supposed to be characterized immediately prior to the jury selection process for a trial. In the present case, the record reflects the appellant was able to strike from three panels, thus preserving the random character of the jury selection.
The “agreed statement of the record” approved by the State and appellant’s counsel reads in pertinent part as follows:
“W.A. Lister was tried and convicted of theft of property, first degree, on May 12, 1981. The trial was held during the regular Spring criminal term of Court.
“On May 11, 1981, the presiding circuit judge directed the Circuit Clerk to divide the qualified jurors into panels of fifteen persons and then read the panel list to the venire member to inform them of the panel to which he was assigned.
“When the Appellant’s case was called for trial, the trial judge, the Honorable Wilson Hayes, informed the State and Appellant the jury would be struck from panels numbered 4, 5, and 6. Whereupon counsel for all parties approached the bench.
“Lister’s attorney objected to his client being put to trial and being required to strike a jury from less than all qualified jurors who were competent to try the Defendant as required by Code of Alabama Sections 12-16-100 and 12-16-102. The Court overruled the objection and announced it was going to qualify the members of panels 4, 5 and 6. “Whereupon the Clerk called the roll of panels 4, 5, and 6 and it was found that James R. Owen, Jr., was not present and accounted for. The Appellant again objected to striking the jury from less than all qualified jurors called for that week including the missing juror. The Court found that the panels even with the missing juror, there were more than 24 jurors to strike from and compelled the Appellant attorney to proceed with the striking of the jury.
“At the time the jury in the instant case was struck, one trial was in progress in courtroom one and twelve jurors were in a jury room deliberating on another case. Therefore, there were 54 regular jurors empaneled for the week who were competent to try the Appellant who were not otherwise tied up with court activity. The Appellant was required to strike a jury from less that [sic] all qualified jurors.
“The jury, selected as set forth above, returned a verdict of guilty. The Appellant made a written request for presen-tence report which was granted. Sentencing was set for June, 1981.”
It is clear that the law requires that an accused be allowed to strike from not less than twenty-four fair and impartial jurors. Burt v. State, 54 Ala.App. 1, 304 So.2d 243, cert. denied, 293 Ala. 749, 304 *919 So.2d 246 (1974). See also, Griffin v. State, Ala. Cr. App., 383 So.2d 873, cert. denied, Ala., 383 So.2d 880 (1980); Proctor v. State, Ala. Cr. App., 331 So.2d 828 (1976); Sheperd v. State, 57 Ala.App. 35, 325 Ala. 551 (1975), cert. quashed, 295 Ala. 417, 325 So.2d 557 (1976).
In the present case, the total number of the three panels from which the jury was ultimately chosen had not been reduced below that required by law. Under these circumstances it was proper for the trial court to have overruled the appellant’s objection, see Hardwick v. State, 26 Ala.App. 536, 164 So. 107 (1935). The appellant was not limited to the bare minimum of twenty-four prospective jurors. As a matter of fact, the record reflects that the appellant was able to strike from three panels, with a combined total far exceeding the minimum number of twenty-four.
The judgment and conviction of the Baldwin Circuit Court should be affirmed.
AFFIRMED.
All the Judges concur.