PER CURIAM.
Petitioner W.A. Lister, Jr., was convicted of theft of property in the first degree. This conviction was affirmed by the Court of Criminal Appeals. Lister v. State, 418 So.2d 917 (Ala.Crim.App. 1981).
At the time Lister’s case came on for trial, there were 38 regular jurors empaneled for the week who were competent and not otherwise involved in a trial. Lister contends that it was reversible error for the trial court to require him to strike from fewer than the full list of available jurors.
The Court of Criminal Appeals, in affirming Lister’s conviction, upheld the trial court’s action requiring Lister to strike a jury from a list containing less than all of the qualified jurors for that week, because Lister did strike from a list containing at least 24 jurors, as presently required by Code 1975, § 12-16-100.
We granted review upon Lister’s allegation that the appellate court’s decision directly conflicts with prior holdings of that court on the same point of law.
At the time of trial, § 12-16-100, the applicable statute, read as follows:
*920 “In every criminal case the jury shall be drawn, selected and empaneled as follows: Upon the trial by jury in the circuit courts of any person indicted for a misdemeanor, or felonies not punished capitally or upon appeals to the circuit courts from lower courts, the court shall require two lists of all the regular jurors empaneled for the week who are competent to try the defendant to be made, and the district attorney shall be required first to strike from the list the name of one juror, and the defendant shall strike two, and they shall continue to strike off names alternately until 12 jurors remain on the list and these 12 jurors thus selected shall be the jury charged with the trial of the case.”[1]
Alabama case law, as found in Lucas v. State, 22 Ala.App. 632, 118 So. 765 (1928), and Brown v. State, 41 Ala.App. 565, 140 So.2d 371 (1962), stands unequivocally for the proposition that a criminal defendant, prior to January 1, 1982, had the statutory right to strike from the entire list of available veniremen.
The opinion of the Court of Criminal Appeals seeks to distinguish this case from Lucas and Brown:
“These cases are distinguishable from the present case. In Lucas, the court limited the strike list to the first twenty-four names on a jury list containing thirty-seven names. In Brown the defendant was made to strike from the last twenty-four names on a jury list consisting of forty-eight names. In Lucas and Brown the restriction that defendant strike from the first or the last twenty-four names removed the random feature by which a jury panel is supposed to be characterized immediately prior to the jury selection process for a trial. In the present case, the record reflects the appellant was able to strike from three panels, thus preserving the random character of the jury selection.”
The “random selection” rationale is inap-posite to the instant situation. The fact that the twenty-four jurors in Lucas were the first twenty-four and that the twenty-four jurors in Brown were the last twenty-four is purely coincidental and forms no basis for the holding in either of those cases. Section 12-16-100, prior to the 1981 amendment, as interpreted by Lucas and Brown, governs the trial of this case.
The trial judge erred in requiring the Defendant to strike from a list of twenty-four jurors where the entire list of available jurors consisted of thirty-eight names. The Court of Criminal Appeals erred in not so holding.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.

. Section 12 -16-100 was amended by Act No. 81 788, 1981 Ala. Acts, which became effective January 1, 1982. This amended section, consistent with several preexisting local acts, restricts the parties in a non-capital felony prosecution to a jury list of twenty-four names.